J. P. Daly, J.—[After stating the facts.]
It is provided by the act (§ 37) that the report of survey shall constitute the issue to be tried by the court; that is to say, that the truth or falsity of the report shall be inquired into and the necessity for the proposed repairs determined. The report may be regarded as a complaint, the allegations of which the persons interested and served with the preliminary notice are to be regarded as denying of course. But the preliminary notice to bring the parties into court to take issue upon such report is the foundation of the jurisdiction of the court; it is a summons embodying a notice of the matter or thing which the persons on whom it is served are required to litigate. A material departure, in the report of survey, from the notice, to the extent of raising an issue to be tried wholly foreign to the object of the survey as set forth in the notice, gives the court no jurisdiction to try such issue, because the party has had no notice that the survey to be made will embrace any other matter than that pointed ont in the papers served upon him, and cannot be expected to attend, prepared to inquire into any other matter, either at the time and place of survey, or in court at the presentation of the report. This case illustrates, I think, such a departure; the owner, having been notified that this *468 building is unsafe by reason of a dilapidated cornice, and that a survey of the “premises” will be made, comes into court to find himself compelled to try an issue as to the safety of the cornice, incidentally, but principally as to the forcing out of plumb of the wall of the press room by the pressure of its arch ; as to the settling of a pier on the first floor from the weight of a heavy safe; as to the rotting off of the timbers of the sub-cellar, basement, and first floor; as to the deflection of the floors throughout, and the insufficiency of the depth of the timbers for the bearing ; as to the deflection of the iron girders supporting the rear walls of the first floor ; as to the general looseness and dilapidation of plaster of ceilings: as to the general dilapidation of the wood-work of the building; and finally as to the utter unfitness of the building for the purpose for which it is now used.
Not having any notice that the survey to be made could embrace any of these particulsrs, or the general condition of the building, but having express notice that the premises were unsafe because of the cornice, and no other particular being mentioned nor any general reference to other danger being made in such notice, I am forced to hold that the question of the cornice only can be litigated in this proceeding, and that, to compel the repair of the building in other respects, a new survey upon proper notice must be had.
There was no appeal.